**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIFFANY PHOMMATHEP; JOHN
PHOMMATHEP, Sr.; J. P., a minor, by
and through his guardian ad litem Tiffany
Phommathep; J. P., a minor, by and
through his guardian ad litem Tiffany
Phommathep; N. P., a minor, by and
through his guardian ad litem Tiffany
Phommathep,

        Plaintiffs-Appellants,

  v.

COUNTY OF TEHAMA; TEHAMA
COUNTY SHERIFFS' OFFICE; DAVE
HENCRATT, Sheriff, in his individual and
official capacity as Sheriff for the County
of Tehama Sheriff Department; PHIL
JOHNSTON, Assistant Sheriff, in his
individual and official capacity as
Assistant Sheriff for the County of Tehama
Sheriff's Department,

        Defendants-Appellees,

 and

RANCHO TEHAMA ASSOCIATION,

No.   22-15132

D.C. No.
2:18-cv-02916-TLN-DMC

MEMORANDUM[*]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

INC.,

        Defendant.

---

| | |
|---|---|
| A. H., a Minor, by and through his guardian ad litem Maria Anjelica Monroy, | No.    22-15133 |
| | D.C. No. |
|         Plaintiff-Appellant, | 2:18-cv-02917-TLN-DMC |

v.

COUNTY OF TEHAMA; TEHAMA COUNTY SHERIFFS' OFFICE; DAVE HENCRATT, Sheriff, in his individual and official capacity as Sheriff for the County of Tehama Sheriff Department; PHIL JOHNSTON, Assistant Sheriff, in his individual and official capacity as Assistant Sheriff for the County of Tehama Sheriff's Department,

        Defendants-Appellees,

 and

RANCHO TEHAMA ASSOCIATION, INC.,

        Defendant.

---

| | |
|---|---|
| JAMES WOODS, Jr.; JAMES WOODS, Sr., | No.    22-15134 |
| | D.C. No. |
|         Plaintiffs-Appellants, | 2:18-cv-02918-TLN-DMC |

2

v.

COUNTY OF TEHAMA; TEHAMA COUNTY SHERIFFS' OFFICE; DAVE HENCRATT, Sheriff, in his individual and official capacity as Sheriff for the County of Tehama Sheriff Department; PHIL JOHNSTON, Assistant Sheriff, in his individual and official capacity as Assistant Sheriff for the County of Tehama Sheriff's Department,

Defendants-Appellees,

and

RANCHO TEHAMA ASSOCIATION, INC.,

Defendant.

TROY MCFADYEN, in his Individual Capacity, and as Heir at Law and Successor in Interest to Michelle McFadyen, Deceased; PHILLIP BOW, as Heir at Law and Successor in Interest to Michelle McFadyen, Deceased; SIA BOW, as Heir at Law and Successor in Interest to Michelle McFadyen, Deceased,

Plaintiffs-Appellants,

v.

COUNTY OF TEHAMA; TEHAMA

No.    22-15135

D.C. No.
2:18-cv-02912-TLN-DMC

3

COUNTY SHERIFFS' OFFICE; DAVE
HENCRATT, Sheriff, in his individual and
official capacity as Sheriff for the County
of Tehama Sheriff Department; PHIL
JOHNSTON, Assistant Sheriff, in his
individual and official capacity as
Assistant Sheriff for the County of Tehama
Sheriff's Department,

    Defendants-Appellees,

 and

RANCHO TEHAMA ASSOCIATION,
INC.,

    Defendant.

---

MICHAEL ELLIOTT, Heir and Law and
Successor in Interest to Daniel Lee Elliott
II Deceased, and Diana Steele, Deceased;
G. E., a Minor, by and through his
Guardian ad Litem, Alma Feitelberg, Heir
at Law and Successor in Interest to Daniel
Lee Elliott II, Deceased, and Diana Steele,
Deceased  guardian ad litem Alma
Feitelberg; M. E., a Minor, by and through
her Guardian ad Litem, Latisha Cornwall,
Heir at Law and Successor in Interest to
Daniel Lee Elliott II, Deceased, and Diana
Steele, Deceased  guardian ad litem
Latisha Cornwall,

    Plaintiffs-Appellants,

No. 22-15136

D.C. No.
2:18-cv-02927-TLN-DMC

v.

COUNTY OF TEHAMA; TEHAMA
COUNTY SHERIFFS' OFFICE; DAVE
HENCRATT, Sheriff, in his individual and
official capacity as Sheriff for the County
of Tehama Sheriff Department; PHIL
JOHNSTON, Assistant Sheriff, in his
individual and official capacity as
Assistant Sheriff for the County of Tehama
Sheriff's Department,

Defendants-Appellees,

and

RANCHO TEHAMA ASSOCIATION,
INC.,

Defendant.

---

MARCIA MCHUGH, Heir at Law and
Successor in Interest to Joseph McHugh,
Deceased; GRACE MCHUGH, Heir at
Law and Successor in Interest to Joseph
McHugh, Deceased,

Plaintiffs-Appellants,

v.

COUNTY OF TEHAMA; TEHAMA
COUNTY SHERIFFS' OFFICE; DAVE
HENCRATT, Sheriff, in his individual and
official capacity as Sheriff for the County

No.    22-15137

D.C. No.
2:19-cv-02292-TLN-DMC

5

of Tehama Sheriff Department; PHIL JOHNSTON, Assistant Sheriff, in his individual and official capacity as Assistant Sheriff for the County of Tehama Sheriff's Department,

Defendants-Appellees,

and

RANCHO TEHAMA ASSOCIATION, INC.,

Defendant.

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted February 9, 2023
San Francisco, California

Before: McKEOWN, BYBEE, and BUMATAY, Circuit Judges.

This case arises from a mass shooting that took place in 2017 in Rancho Tehama, California. The shooting, perpetrated by a resident of Rancho Tehama named Kevin Neal, resulted in the death of five people and the injury of at least twelve more. Plaintiffs are individuals who were injured in the shooting and survivors of those who were killed. Included among Defendants are Tehama

6

County, the Tehama County Sheriff's Office, and the Tehama County Sheriff and Assistant Sheriff.

In Plaintiffs' complaints,[1] they alleged three causes of action under 42 U.S.C. § 1983: (1) Defendants violated Plaintiffs' right to due process by enhancing the danger that the perpetrator of the shooting presented to them; (2) Defendants withheld law enforcement services from Plaintiffs in violation of the Equal Protection Clause of the Fourteenth Amendment; and (3) Defendants inadequately trained and supervised their officers, thus creating municipal liability under *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). The district court dismissed all three causes of action for failure to state a claim.[2] We have jurisdiction under 28 U.S.C. § 1291 and review de novo the district court's order granting a motion to dismiss. *Judd v. Weinstein*, 967 F.3d 952, 955 (9th Cir. 2020). We affirm.

1.  "As a general matter . . . a State's failure to protect an individual against private violence . . . does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197

---

[1] Plaintiffs filed six separate actions, which have been consolidated for the purposes of this appeal.

[2] The district court initially dismissed Plaintiffs' equal protection and *Monell* claims with leave to amend. The district court entered final judgment on those claims at Plaintiffs' request.

(1989). However, under what we have called the "state-created danger doctrine," the state may be held liable when "government employees 'affirmatively place the plaintiff in a position of danger, that is, where their actions create or expose an individual to a danger which he or she would not have otherwise faced.'" *Hernandez v. City of San Jose*, 897 F.3d 1125, 1133 (9th Cir. 2018) (cleaned up) (quoting *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061 (9th Cir. 2006)). To plead a claim of state-created danger, Plaintiffs must show that a government employee took an "affirmative act" that "create[d] an actual, particularized danger." *Id.* This danger must be one that the plaintiff "would not otherwise have faced." *Martinez v. City of Clovis*, 943 F.3d 1260, 1272 (9th Cir. 2019) (quoting *Kennedy*, 439 F.3d at 1061). In other words, the affirmative act must be a but-for cause of Plaintiffs' injuries. *See id.* (discussing causal link between defendant's affirmative conduct and plaintiff's abuse); *Kennedy*, 439 F.3d at 1067 (discussing cases in which "the state's action made plaintiffs vulnerable to a particularized danger they would not have faced but for that action").

Plaintiffs argue that their complaint alleges two affirmative acts that increased the risk that Neal posed to his neighbors. First, when responding to a call from Neal's neighbors, Defendants allegedly told Neal that he could "continue to own and discharge firearms in the community." Second, in other conversations

8

with Neal, Defendants allegedly declined to investigate illegal firearm use by his neighbors. Plaintiffs claim these statements "communicated to Neal, both explicitly . . . and implicitly, that he could recklessly use and/or unlawfully possess firearms with impunity."

Neither interaction constitutes an affirmative act. Plaintiffs' principal support for their argument to the contrary, *Martinez*, 943 F.3d 1260, is distinguishable. In *Martinez*, we found that police officers had committed affirmative acts by making statements that could have provoked the plaintiff's boyfriend—who was also a police officer—into abusing her. *Id.* at 1272–73. The police officers had described the plaintiff in derogatory terms, informed her boyfriend that she had previously reported his abusive behavior, and praised the boyfriend's family. *Id.* We concluded that these acts were sufficient to provoke the boyfriend into abusing the plaintiff and believing that he could continue to do so with impunity. *Id.* Here, Plaintiffs have only pleaded that Defendants told Neal that they would not arrest him or his neighbors for their firearm use. Without additional supporting facts, declining to arrest an individual does not constitute an affirmative act. *See id.* Such facts were present in *Martinez*, where the plaintiff pleaded that police officers provoked her boyfriend by describing her in derogatory terms, revealing her past police reports, and praising her boyfriend's family. *Id.*

9

Similar facts are not present here.  As a result, Plaintiffs have failed to satisfy the affirmative act requirement.

Moreover, even if Plaintiffs had met the affirmative act requirement, they have failed to plead a causal link between their injuries and Defendants' conduct.  In *Martinez*, causation was clear.  The police officers allegedly encouraged the boyfriend to engage in the same kind of conduct that ultimately caused the plaintiff's injuries—domestic violence.  *See id.*  The temporal proximity between the police officers' statements and the plaintiff's harm supported an inference of causation, too; the boyfriend physically and sexually abused the plaintiff shortly after the police officers left their home.  *Id.*  Here, Plaintiffs have—at most—alleged that Defendants' statements to Neal led him to believe that he would not be arrested for reckless firearm use on and around his property.  But Plaintiffs were not injured by Neal's reckless firearm use on or around his property.  Instead, they were injured by his intentionally violent acts throughout his surrounding community.  Without facts that connect Defendants' affirmative acts to the conduct that caused Plaintiffs' injuries, Defendants' claim fails for want of a causal link.

2.      Plaintiffs allege that Defendants discriminated against them by providing inadequate police services to Rancho Tehama and by responding

ineffectively to calls reporting firearm offenses.  To show that a policy is discriminatory, a plaintiff must identify a "control group composed of individuals who are similarly situated" that the state has treated differently.  *Gallinger v. Becerra*, 898 F.3d 1012, 1016 (9th Cir. 2018); *see also Freeman v. City of Santa Ana*, 68 F.3d 1180, 1187 (9th Cir. 1995).  Plaintiffs claim to have done so by alleging that "[D]efendants discriminated against Rancho Tehama and its residents compared to other communities within [D]efendants' jurisdiction."  However, Plaintiffs plead no facts to support this allegation.  Plaintiffs do not even name another community in their county, let alone plead any facts suggesting that Defendants responded to those communities more effectively than they responded to Rancho Tehama.  Likewise, Plaintiffs do not plead that there were classes of crimes that Defendants treated more seriously than firearms offenses.  Plaintiffs' conclusory allegations are insufficient to state a claim.  *See Beckington v. Am. Airlines, Inc.*, 926 F.3d 595, 604 (9th Cir. 2019).

3.      Plaintiffs concede that their *Monell* claim depends on their other constitutional claims.  Municipal liability under *Monell* is "contingent on a violation of constitutional rights."  *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994).  Plaintiffs' underlying constitutional claims fail, so their *Monell* claim fails, too.

11

**AFFIRMED.**